CHRISTINE M. THOMAS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, RespondentThomas v. CommissionerDocket No. 18433-86United States Tax CourtT.C. Memo 1989-648; 1989 Tax Ct. Memo LEXIS 649; 58 T.C.M. (CCH) 872; T.C.M. (RIA) 89648; December 11, 1989Steven R. Guest, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: This case was assigned to Special Trial Judge Lee M. Galloway pursuant to section 7443A(b)(4) of the Internal Revenue Code*650 of 1986 and Rule 180 et seq. 1 The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GALLOWAY, Special Trial Judge: This case is before the Court on respondent's Motion For Summary Judgment, filed on July 27, 1989, pursuant to Rule 121, which was calendared for hearing at Milwaukee, Wisconsin, on September 25, 1989. In his notice of deficiency dated March 7, 1986, respondent determined a deficiency and additions to tax in petitioner's income tax for 1984 as follows: Additions to Tax, Secs.YearIncome Tax6653(b)(1)6653(b)(2)665466611984$ 11,389.56$ 5,694.7850% of the$ 678.26$ 1,138.96interest dueon $ 11,389.56The issues raised by the pleadings are: (1) Whether respondent correctly utilized the bank deposit method in determining that petitioner underreported her taxable income by the amount of $ 32,014.43; (2) whether petitioner is*651 liable for additions to tax under the provisions of section 6654 and 6661; and (3) whether petitioner is liable for additions to tax under sections 6653(b)(1) and 6653(b)(2). Petitioner was a resident of Milwaukee, Wisconsin, when she filed a timely petition on June 9, 1986. Respondent's answer was filed on August 1, 1986. In support of his determination that all of the underpayment of tax required to be shown on petitioner's tax return was due to fraud pursuant to section 6653(b), respondent set forth 31 paragraphs of affirmative allegations in his answer, which we summarize as follows: 1) In 1984, petitioner was employed at the Touch Of Class, a massage parlor located in Green Bay, Wisconsin. 2) During 1984, petitioner maintained four separate accounts at the First Northern Savings and Loan at Green Bay and deposited the respective amounts of $ 11,740.00, $ 22,477.25, $ 28,498.30, and $ 1,500.00 in these accounts, a total of $ 64,215.55. 3) Petitioner's 1984 deposits included transfers and miscellaneous non-taxable deposits in the respective amounts of $ 20,950.43, and $ 8,681.04, a total of $ 29,631.47, which reduced total bank deposits of $ 64,215.15 to net taxable deposits*652 of $ 34,584.08. 4) During 1984, petitioner reported gross wages received of $ 3,973.00 on her tax return and had available for her use $ 3,319.65 cash as net wages after Federal income taxes, State income taxes and Federal Social Security taxes were withheld. 5) Petitioner's unreported taxable income for the year 1984 is summarized as follows: ExplanationAmountTotal Bank Deposits$ 64,215.55Less reductions fornon-taxable sources$ 29,631.47Net taxable deposits$ 34,584.08Less net wage income$  3,319.65Total$ 31,264.43Plus cash returned fromchecks deposited$    750.00Unreported taxable income$ 32,014.436) On or about April 6, 1984, petitioner fraudulently and with intent to evade tax, submitted to her employer, Touch of Class, a form W-4 giving the fictitious name of Susan Thompson and the false Social Security number of 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, instead of her correct Social Security number of 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. 7) On or about October 25, 1984, petitioner opened a bank account, fraudulently and with the intent to evade tax, at First Northern Savings and Loan, Green Bay in the name of XINE INCORPORATED, a fictitious corporation with*653 no such name registered in the State of Wisconsin. 8) Petitioner made extensive use of cash during 1984 with the fraudulent attempt to evade tax. 9) Petitioner fraudulently understated her taxable income in 1984 in the amount of $ 32,014.43 and fraudulently understated her income tax liability in 1984 by the amount of $ 11,389.56 (correct liability of $ 11,462.56 less $ 73.00 reported on her return) with the intent to evade tax. On October 6, 1986, respondent filed with the Court, a Motion For Entry Of Order That Undenied Allegations In Answer be Deemed Admitted pursuant to Rule 37(c). On November 7, 1986, the Court granted respondent's Motion For Entry Of Order That Undenied Allegations In Answer Be Deemed Admitted and ordered that the affirmative allegations of fact set forth in 31 subparagraphs of paragraph 7 of respondent's Answer be deemed admitted for purposes of this case. Thereafter, on April 25, 1988, respondent filed a Motion For Summary Judgment. In support of the Motion For Summary Judgment, respondent relied in part on the facts deemed admitted under Rule 37(c). However, prior to the hearing on respondent's motion in Washington, D.C., on June 8, 1988, the Court*654 was informally advised that petitioner had filed a petition in bankruptcy on November 7, 1986 and that petitioner's bankruptcy case had been dismissed on November 25, 1986. On July 13, 1988, this Court vacated its November 7, 1986 order, which granted respondent's Motion For Entry Of Order that Undenied Allegations In Answer Be Deemed Admitted, since this order apparently violated the automatic stay provisions of 11 U.S.C. paragraph 362 (1982). The Court also denied, without prejudice, respondent's Motion For Summary Judgment filed on April 25, 1988. The Court further ordered petitioner to file a proper reply to the allegations contained in respondent's Answer on or before August 17, 1988. Petitioner did not comply with the Court's order. On September 12, 1988, respondent filed with the Court, a Motion For Entry Of Order that undenied allegations in answer be deemed admitted. On June 14, 1989, the Court granted respondent's Motion For Entry Of Order that Undenied Allegations In Answer Be Deemed Admitted and ordered that the Affirmative Allegations of Fact set forth in 31 subparagraphs of paragraph 7 of respondent's Answer be deemed admitted for purposes*655 of this case. Petitioner has the burden of proof with respect to the deficiency in income tax for the year 1984 and additions to tax, except as to additions to tax determined under section 6653(b). Rule 142(a), (b). The facts established for purposes of this case affirmatively show an unreported taxable income of $ 32,014.43 for the year 1984 and a deficiency in income tax of $ 11,389.56 for the year 1984 and that petitioner's correct tax liability for the year 1984 is $ 11,462.56. Petitioner failed to reply to respondent's Answer and controvert respondent's affirmative allegations of fact. There is no genuine issue of material fact concerning petitioner's taxable income, income tax liability, amount of the deficiency in income tax for the year 1984 and additions to tax determined under sections 6654 and 6661. Accordingly, respondent is entitled, as a matter of law, to a summary adjudication in his favor that there is a deficiency in income tax due from petitioner for the year 1984 in the amount of $ 11,389.56, and that there are additions to tax owed by petitioner under sections 6654 and 6661 in the respective amounts of $ 678.26 and $ 1,138.96. Respondent has the burden*656 of proof with respect to the issue of additions to tax for fraud under sections 6653(b)(1) and 6653(b)(2). Rule 142(b); section 7454(a). The dollar amount of the underpayment of tax for the year 1984 is supported by the record in this case. The facts that have been deemed admitted in paragraphs 7(c) through 7(af) of the Answer are sufficient to satisfy respondent's burden of proving the amount of the underpayment of tax for the year 1984. The indicia of fraud for the year 1984 are also contained in the record of this case. The facts in paragraph 7(n) through 7(af) of the Answer are sufficient to satisfy respondent's burden of proving that all of the underpayment of tax for the year 1984 is due to fraud. Respondent is entitled, as a matter of law, to a summary adjudication that there are due from petitioner additions to tax under the provisions of section 6653(b)(1) in the amount of $ 5,694.78 and under section 6653(b)(2) based upon 50 percent of the interest due on $ 11,389.56. See Doncaster v. Commissioner, 77 T.C. 334 (1981). There are no genuine issues of fact to be decided with respect to issues upon which petitioner has the burden of proof, e.g., petitioner's*657 1984 taxable income, 1984 income tax liability, the amount of deficiency in 1984 income tax and additions to tax due under sections 6654 and 6661. There are no genuine issues of fact to be decided with respect to respondent's determination of additions to tax for fraud under sections 6653(b)(1) and 6653(b)(2). Accordingly, respondent's Motion For Summary Judgment will be granted. An appropriate order and decision will be entered. Footnotes1. All subsequent section numbers refer to the Internal Revenue Code in effect for the taxable year in issue. All rule numbers refer to the Tax Court Rules of Practice and Procedure.↩